UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-24141-CIV-ALTONAGA

**DEBBIE LOUISSAINT**,

    Plaintiff,

vs.

**MIAMI-DADE COUNTY**,

    Defendant.

_____/

# COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat such facts as proved for this case.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

In this case it is the responsibility of the Plaintiff, Debbe Louissaint, to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for Miami-Dade County.

In this case, Debbe Louissaint claims that Miami-Dade County violated the federal civil rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their sex, race, color, or national origin.

Specifically, Debbe Louissaint claims that Miami-Dade County relieved her from duty and discharged her because of her sex, race, color, or national origin.

Miami-Dade County denies Debbe Louissaint's claims and asserts that it did not relieve Debbe Louissaint from duty or discharge her because of her sex, race, color, or national origin; and Debbe Louissaint's discharge was based on legitimate, non-discriminatory reasons.

To succeed on her claim against Miami-Dade County, Debbe Louissaint prove each of the following facts by a preponderance of the evidence:

First:   Miami-Dade County discharged Debbe Louissaint; and

Second:  Debbe Louissaint's sex, race, color, or national origin was a motivating factor that prompted Miami-Dade County to discharge her.

Miami-Dade County discharged Debbe Louissaint. You must decide whether Debbe Louissaint's sex, race, color, or national origin was a "motivating factor" in the decision.

To prove that sex, race, color, or national origin was a motivating factor in Miami-Dade County's decision, Debbe Louissaint does not have to prove that her sex, race, color, or national origin was the only reason that Miami-Dade County discharged her from employment. It is enough if she proves that sex, race, color, or national origin influenced the decision. If Debbe Louissaint's sex, race, color, or national origin made a difference in Miami-Dade County's decision, you may find that it was a motivating factor in the decision.

3

Miami-Dade County claims that Debbe Louissaint's sex, race, color, or national origin was not a motivating factor in the decision, and that it discharged her for other reasons. An employer may not discriminate against an employee because of the employee's sex, race, color, or national origin, but the employer may discharge an employee for any other reason, good or bad, fair or unfair. If you believe Miami-Dade County's reasons for the decision to discharge Debbe Louissaint and you find that Miami-Dade County's decision was not motivated by her sex, race, color, or national origin, you must not second guess Miami-Dade County's decision, and you must not substitute your own judgment for Miami-Dade County's judgment – even if you disagree with it.

If you find in Debbe Louissaint's favor for each fact she must prove, you must decide whether Miami-Dade County has shown by a preponderance of the evidence that it would have discharged Debbe Louissaint even if Miami-Dade County had not taken her sex, race, color, or national origin into account. If you find that Debbe Louissaint would have been discharged for reasons other than her sex, race, color, or national origin, you must make that finding in your verdict.

If you find for Debbe Louissaint and against Miami-Dade County on this defense, you must consider Debbe Louissaint's compensatory damages.

Debbe Louissaint also claims that Miami-Dade County retaliated against her because she took steps to enforce her lawful rights under Title VII.

Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.

An employee may make a discrimination complaint as a means to enforce what she believed in good faith to be her lawful rights. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," it is insufficient for Debbe Louissaint merely to allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

Debbe Louissaint claims that Miami-Dade County discharged her from employment because she complained to her commanding officer, Lt. Jenkins, and MDPD Director Juan Perez about the discriminatory conduct she was subjected to by not being investigated by the Internal Affairs Section.

Miami-Dade County denies Debbe Louissaint's claim and asserts that it discharged her for legitimate, non-retaliatory reasons.

To succeed on her claim, Debbe Louissaint must prove each of the following facts by a preponderance of the evidence:

<u>First</u>: Debbe Louissaint engaged in a protected activity;

<u>Second</u>: Miami-Dade County then took an adverse employment action;

<u>Third</u>: Miami-Dade County took the adverse employment action because of Debbe Louissaint's protected activity; and

<u>Fourth</u>: Debbe Louissaint suffered damages because of the adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, Debbe Louissaint claims that she engaged in protected activity when she complained to her commanding officer, Lt. Jenkins, and MDPD Director Juan Perez about the discriminatory conduct she was subjected to by not being investigated by an Internal Affairs Section such as the Professional Compliance Bureau, being singled out and surveilled at her home, and by Miami-Dade County refusing to enforce its own rules, such as enacting progressive discipline. That action is "protected activity" if it was based on Debbe Louissaint's good-faith, reasonable belief that Miami-Dade County discriminated against her because of race, color, or national origin. Debbe Louissaint had a "good faith" belief if she honestly believed that Miami-Dade County discriminated against her because of race, color, or national origin. Debbe Louissaint had a "reasonable" belief if a reasonable person would, under the circumstances, believe that Miami-Dade County discriminated against her because of race, color, or national origin. Debbe Louissaint does not have to prove that Miami-Dade County actually discriminated against her because of race, color, or national origin. But she must prove that she had a good-faith, reasonable belief that Miami-Dade County did so.

For the second element, Debbe Louissaint claims that Miami-Dade County took an adverse employment action against her when Miami-Dade County discharged her from employment. You must decide whether discharge is an adverse employment action.

An "adverse employment action" is any type of action that would have made a reasonable employee reluctant to make or support a charge of discrimination. Put another way, if a reasonable employee would be less likely to complain about or oppose alleged discrimination because she knew that Miami-Dade County would discharge her from employment, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

For the third element, if you find that Debbe Louissaint engaged in protected activity and that Miami-Dade County took an adverse employment action against her, you must decide whether Miami-Dade County took that action because of Debbe Louissaint's protected activity.

5

Put another way, you must decide whether Debbe Louissaint's protected activity was the main reason for Miami-Dade County's decision.

To determine that Miami-Dade County took an adverse employment action because of Debbe Louissaint's protected activity, you must decide that Miami-Dade County would not have taken the action had Debbe Louissaint not engaged in the protected activity but everything else had been the same.

Miami-Dade County claims that it did not discharge Debbe Louissaint from employment because she complained to her commanding officer, Lt. Jenkins, and MDPD Director Juan Perez about the discriminatory conduct she was subjected to by not being investigated by the Internal Affairs Section, and that it took this action for other reasons. An employer may not take an adverse action against an employee because of the employee's protected activity. But an employer may discharge an employee for any other reason, good or bad, fair or unfair. If you believe Miami-Dade County's reasons for its decision, and you find that Miami-Dade County did not make its decision because of Debbe Louissaint's protected activity, you must not second guess that decision, and you must not substitute your own judgment for Miami-Dade County's judgment – even if you do not agree with it.

As I have explained, Debbe Louissaint has the burden to prove that Miami-Dade County's decisions to discharge her was because of her protected activity. I have explained to you that evidence can be direct or circumstantial. To decide whether Miami-Dade County's decision to discharge Debbe Louissaint from employment was because of her protected activity, you may consider the circumstances of Miami-Dade County's decision. For example, you may consider whether you believe the reasons that Miami-Dade County gave for the decision. If you do not believe the reasons that it gave for the decision, you may consider whether the reasons were so unbelievable that they were a cover-up to hide the true retaliatory reasons for the decision.

For the fourth element, you must decide whether Miami-Dade County's acts were the proximate cause of damages that Debbe Louissaint sustained. Put another way, you must decide, if Miami-Dade County had not discharged Louissaint from employment, would these damages have occurred?

If you find that Miami-Dade County's acts were the proximate cause of damages that Debbe Louissaint sustained, you must determine the amount of damages.

When considering the issue of Debbe Louissaint's compensatory damages, you should determine what amount, if any, has been proven by Louissaint by a preponderance of the evidence as full, just and reasonable compensation for all of her damages as a result of the discharge, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Miami-Dade County. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Debbe Louissaint has proved them by a preponderance of the evidence, and no others:

      (a)      net lost wages and benefits from the date of discharge to the date of your verdict; and

      (b)      emotional pain and mental anguish.

      To determine the amount of Debbe Louissaint's net lost wages and benefits, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost.

      To determine whether and how much Debbe Louissaint should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Louissaint does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates her for her claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

      Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

      If the proof fails to establish any essential part of Debbe Louissaint's claims by a preponderance of the evidence, you should find for Miami-Dade County as to that claim.

      Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

      Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

      Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

      When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

      A verdict form has been prepared for your convenience.

      Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you will return it to the courtroom.

      If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me,

and I will respond as promptly as possible – either in writing or by talking to you in the courtroom.  Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response.  But I caution you not to tell me how many jurors have voted one way or the other at that time.  That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.